COBB, Judge.
Appellant, Willie James Woods, appeals his conviction, following a jury trial, of aggravated battery. The only lesser included offense submitted by instruction or verdict form to the jury was battery.[1]
The issue is whether or not the trial court erred by admitting into evidence, over proper objection, the testimony of the victim that during the course of a beating administered to her by Woods with a wire coat hanger he made the statement that she had lied to him and that he once had pushed a woman from a roof for lying to him. The state contends the statement was admissible to show the intent of Woods to inflict harm on the victim.
The state’s argument fails because of the nature of the charge against the defendant. Section 784.045, Florida Statutes (1981), provides:
Aggravated battery.—
(1) A person commits aggravated battery who, in committing battery:
(a) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
(b) Uses a deadly weapon.
(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The charge against Woods in the information was as follows:
Willie James Woods, on the ninth day of June, 1979, in said County and State, did, in violation of Florida Statute 784.-045(l)(b), commit a battery upon Shirley J. Wells, and in furtherance thereof, did actually and intentionally touch or strike the said Shirley J. Wells against the will of the said Shirley J. Wells, and in the commission of said battery did use a deadly weapon, to-wit: a coat hanger.
While the statement admitted by the trial court may very well have been relevant and admissible had the aggravated battery charge against Woods been based upon an intent to cause great bodily harm, etc., under subsection (l)(a) of the statute, such was not the case. The charge was based solely upon the state’s classification of the coat hanger as a deadly weapon pursuant to subsection (l)(b) of the statute. As dubious as this classification may be, that point is not raised on this appeal. What is raised, however, is the admissibility of the statement — which is irrelevant to either the classification of the weapon or to the fact that a battery (an actual and intentional touching or striking of another person against that person’s will) was committed by Woods. The prejudicial effect of the statement upon a jury cannot reasonably be disputed.
Accordingly, we reverse and remand for a new trial.
REVERSED and REMANDED.
ORFINGER, C.J., concurs.
SHARP, J., dissents with opinion.

. Florida Standard Jury Instructions in Criminal Cases (1981), page 260.